UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CAMERON RAY WEIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00360-JMS-MKK |
| | ) | |
| CHARLES FUNK, Captain, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Complaint, Directing Further Proceedings, and Denying Motion to Appoint Counsel**

Plaintiff Cameron Ray Weir was a prisoner at the Vigo County Jail ("the Jail") during the events underlying his Complaint.[1] He filed this lawsuit alleging that his rights were violated due to the treatment he received while in a solitary confinement cell at the Jail. [Filing No. 1.] Because Mr. Weir is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c). Also pending before the Court is Mr. Weir's Motion to Appoint Counsel.[2] [Filing No. 18.]

**I.
SCREENING**

**A.   Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

---

[1] Mr. Weir is currently incarcerated at the New Castle Correctional Facility.

[2] On April 14, 2025, Mr. Weir filed a motion requesting a copy of the public docket. [Filing No. 20.] The motion is **GRANTED**, and the **CLERK IS DIRECTED** to send a copy of the public docket with this Order.

1

claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B. The Complaint

Mr. Weir's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). He bases his claims on the following allegations.

Mr. Weir named Defendant Charles Funk, who Mr. Weir identifies as a Captain at the Jail. [Filing No. 1.] Mr. Weir was placed in a solitary confinement cell on April 25, 2024 "due to disciplin[e] authorized by Captain Charles Funk." [Filing No. 1 at 2.] As of July 16, 2024 (the day he filed his Complaint), he was still in the same solitary confinement cell and was not receiving even one hour of daily exercise outside of his living area, was not getting access to cleaning supplies, was not allowed to access "a proper law library," was "refused a change of bedding every month," was not given a shower every three days, was denied church services, and was not given access to the laundry or given a change of uniform. [Filing No. 1 at 2-3.] He has written grievances and has never received a response. [Filing No. 1 at 3.] He asserts that his Eighth Amendment rights were violated and that he was "denied" his religion, and seeks relief in the form of monetary damages and requests that Captain Funk and the Jail "be ordered to make hand books and rules sheets and be ordered to follow all state and federal laws." [Filing No. 1 at 4.]

2

C. **Discussion**

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

The Court **DISMISSES** any claim for injunctive relief. Mr. Weir is not entitled to injunctive relief related to any claim in his Complaint because he is no longer confined at the Jail. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Abouhalima v. C.O. Lotz*, 2022 WL 22889714, at *3 (S.D. Ind. Aug. 22, 2022) (dismissing as moot plaintiff's claim for injunctive relief seeking to order prison defendants "to follow the law, policies, and procedures" of the prison because plaintiff was no longer confined to that prison).

Applying the screening standard to the factual allegations in Mr. Weir's Complaint, a claim for unconstitutional conditions of confinement with respect to the allegations of being denied showers, exercise, cleaning supplies, and clean laundry against Captain Funk **SHALL PROCEED**. Mr. Weir alleges that these conditions violated his Eighth Amendment rights, but whether the Eighth Amendment or the Fourteenth Amendment applies depends on whether he was a pretrial detainee or a convicted inmate at that time. It appears that Mr. Weir was a convicted prisoner at the time of the events underlying this litigation,[3] but in any event, this claim shall proceed regardless of whether Mr. Weir was a pre-trial detainee or a convicted inmate. Under either theory, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable

---

[3] The Court takes judicial notice that Mr. Weir was charged in state case number 84D05-22-1-0F5-003655 on October 4, 2022 and was sentenced on July 27, 2023. *See* Case Summaries, available at mycase.in.gov.

3

state of mind.  See *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008).  Mr. Weir's allegations are sufficient to raise an inference that Captain Funk placed him in solitary confinement knowing that he would face unsanitary conditions there.

In addition, Mr. Weir's claim that he was denied church services **SHALL PROCEED** against Captain Funk under the First Amendment.  Additionally, this claim **SHALL PROCEED** against Captain Funk in his official capacity under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

This summary of claims includes all of the viable claims identified by the Court.  All other claims have been dismissed.  If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 20, 2025,** in which to file a motion to reconsider the screening order.

## II.
### MOTION TO APPOINT COUNSEL

Litigants in federal civil cases do not have a constitutional or statutory right to court appointed counsel.  *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018).  Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel.  *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).  As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case.  See *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

4

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682.

        1.      *Reasonable Attempt to Recruit Counsel*

Mr. Weir asserts that he contacted the ACLU and that it would not assist him because it did not have access to the grievances that he filed in the Jail. [Filing No. 18.] He also states that he does not have access to information about other lawyers to contact because of his incarceration. [Filing No. 18.] While a close call, the Court finds that Mr. Weir has made a sufficiently reasonable attempt to secure private counsel at this time.

        2.      *Competence to Litigate*

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—

5

factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Weir states that the highest grade he has completed is 8th grade and that he does not have the education or experience to represent himself. Nonetheless, the Court finds that at this stage, he is able to litigate on his own. This case is in its early stages and Mr. Weir's claims are not complicated. He has been able to state them and the facts on which they are based. Therefore, Mr. Weir's motion for assistance with recruiting counsel, [Filing No. 18], is **DENIED WITHOUT PREJUDICE**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial, and notes that Mr. Weir may re-file his motion if circumstances change.

### III.
#### CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action:

- unconstitutional conditions of confinement in violation of the Eighth Amendment with respect to the allegations of being denied showers, exercise, cleaning supplies, and clean laundry against Captain Funk;

- denial of church services in violation of the First Amendment against Captain Funk; and

- denial of church services in violation of RLUIPA against Captain Funk in his official capacity.

All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 20, 2025,** in which

to file a motion to reconsider the screening order. Mr. Weir's motion requesting a copy of the public docket is **GRANTED,** [20], and the **CLERK IS DIRECTED** to send a copy of the public docket with this Order. Mr. Weir's Motion to Appoint Counsel, [18], is **DENIED WITHOUT PREJUDICE**.

The **CLERK IS DIRECTED** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Captain Funk in the manner specified by Rule 4(d). Process shall consist of the Complaint filed on July 16, 2024 at Filing No. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 5/22/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

CAMERON RAY WEIR
265914
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Captain Charles Funk
Vigo County Jail
600 Honey Creek Dr.
Terre Haute, IN 47802